**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Robert Lewis, | : | Case No. 05: 09 CV 1418 |
| Petitioner, | : | |
| vs. | : | |
| Akron Municipal Court, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

Pursuant to 72.2(b)(2) of the United State District Court Northern District of Ohio Local Civil Rules, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation. Pending is Petitioner's Petition under 28 U. S. C. § 2254 for Writ of Habeas Corpus, Respondent's Answer, Petitioner's Traverse and Defendant's Reply (Docket Nos. 1, 4 & 7, 8). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

### I.  FACTUAL BACKGROUND.

Under the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the factual findings made by a state court in the direct appeal are presumed to be correct in a proceeding instituted by an application for a writ of habeas corpus

by a person in custody pursuant to a judgment in state court.  *Keith v. Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)).  A habeas court must presume the state court's factual findings are correct. 28 U.S.C. § 2254(e)(1).  The petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U. S. C. § 2254(e)(1)(Thomson Reuters 2011).

Petitioner failed to present any evidence that would rebut the correctness of the findings of fact made by the Court of Appeals for the Ninth Judicial District.

On March 13, 2007, Edward Hawkins took his dog, a twenty pound Boston Terrier named Skippy, for a walk close to his home on Dorchester Road.  During the walk, a 150 pound Akita attacked Skippy.  Hawkins managed to kick the Akita until it released Skippy and ran toward Petitioner's home.  Hawkins recognized the Akita as Petitioner's dog , Babi.  As a result of the attack, Skippy received medical treatment. Petitioner and his mother agreed to pay for Skippy's hospitalization.  Eventually, Skippy recovered.

On September 25, 2007, Hawkins walked Skippy to the end of his driveway near a brick pillar and honeysuckle tree on his property.  When Skippy reached the pillar, Babi rapidly emerged from the other side of the pillar, bit Skippy around the neck, and pulled Skippy from his collar.  Hawkins,  who began  carrying  a small crowbar with him after the initial attack on Skippy, began to hit Babi with the crowbar.  Babi  released Skippy and ran, but Skippy died as a result of the injuries he sustained.  Hawkins telephoned Animal Control and notified the agency of Babi's fatal attack on Skippy.

(Docket No. 4, Exhibit 13, p. 1 of 20).

## II. Procedural Background.

On September 26, 2007, Akron Animal Control Officer Donald Miller filed a complaint and summons in the Akron Municipal Court charging Petitioner with the following Akron City Code (A.C.C.) violations: (1) failure to register a dog, pursuant to A.C.C. 92.08 (2) failure to vaccinate a dog, pursuant to A.C.C. 92.11; (3) owning a dog found to be at large and not under his continuous control, pursuant to A.C.C. 92.25(B)(1); and (4) owning a dog that bites or causes physical harm to another domestic animal while off the premises of the owner, pursuant to A.C.C. 92.25(B)(4).  The next day, the Akron Municipal Court ordered that Babi be immediately seized and impounded in the Summit County Animal Shelter for public safety reasons pending the determination of Petitioner's case.

On October 16, 2007, Warden Miller filed another complaint and summons in the Akron Municipal court, this time charging Petitioner with the following Summit County Ordinance (S.C.O.) violation: (1) failure to restrain a dangerous or vicious dog, pursuant to S.C.O. 505.22; and (2) negligently allowing a dog in his custody or care to cause serious physical harm to another dog while off his premises, pursuant to S.C.O. 505.24.  On March 24, 2008, Petitioner filed an unsuccessful motion to dismiss the S.C.O. charges.

The matter proceeded to a jury trial on May 5, 2008.  The jury found Petitioner guilty of violation of a dog bite violation, failure to control a dangerous dog and physical harm by a dangerous dog.  As there is no right to jury trial on minor misdemeanor charges, the trial court found Petitioner guilty of the minor misdemeanor charge of failure to control, pursuant to A.C.C. 92.25(B)(1) and dismissed the remaining charges of failing to register and vaccinate Babi.  For the dog bite conviction, the court sentenced Petitioner to restitution, a $500 fine and 180 days in jail

suspended on the condition that Petitioner complete thirty days of house arrest. The court also ordered that Babi be destroyed but suspended the execution of its sentence pending the outcome of the appeal. The court sentenced Petitioner to court costs on the remaining counts.

### III. APPELLATE REVIEW

Petitioner appealed the judgment of the trial court alleging ten assignments of error. The appellate court rearranged and consolidated the assignments of error as follows:

(1) The court's failure to arraign Petitioner deprived him of the right due process and violated OHIO CRIM. R. 5, 10, 11, 43.
(2) The failure to rule on Petitioner's pretrial motions deprived Petitioner of due process of law as guaranteed by Sixth Amendment of the United States Constitution.
(3) The court erred in labeling certain dogs dangerous without providing the owner due process of law.
(4) The court violated Plaintiff's Fifth Amendment rights by failing to give him proper notice or hearing without due process.
(5) The court erred in trying Petitioner twice for same crime, violating the prohibition against double jeopardy.
(6) The court erred by prejudicing the jury, by using an ex post facto approach.
(7) Petitioner's conviction was against the manifest weight and sufficiency of the evidence.
(8) The trial court erred by finding that Petitioner was guilty of failing to control his dog.
(9) Petitioner was denied his rights to due process and the ineffective assistance of counsel as guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution.
(10) Petitioner's sentence was cruel and unusual punishment for the crime.

The appellate court determined that Petitioner's seventh assignment of error was sustained and his S.C.O. convictions were vacated. The court considered Petitioner's fourth assignment of error moot and the remaining assignments of error were overruled (Docket No. 4, Exhibit 13).

On May 6, 2009, Chief Justice Thomas J. Moyer found that Petitioner's case did not involve any substantial constitutional question. Consequently, the appeal was dismissed (Docket No. 4, Exhibit 14).

At the time he filed the Petition, Petitioner had not commenced serving his sentence (Docket

4

No. 1, p. 1).

### IV. PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed a Petition under Section 2254 for Writ of Habeas Corpus on July 22, 2009. He alleged the violations that follow:

(1) Petitioner was denied the right to an arraignment.
(2) The trial court failed to read Petitioner his rights until a month after trial.
(3) The trial court seized Petitioner's personal property without due process.
(4) The trial court was biased against Petitioner.
(5) The trial court put him in double jeopardy with charges of control of the dog, restraint of a vicious dog, dog bite and vicious dog bite.

### V. JURISDICTION.

Federal courts have jurisdiction to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *Lawrence v. 48th Dist. Court,* 560 F.3d 475, 479 (6th Cir. 2009). Whether a habeas petitioner is "in custody" is determined at the time of the filing of the petition. *Id.* (*citing Northrop v. Trippett,* 265 F.3d 372, 375 n. 1 (6th Cir. 2001) (*citing Carafas v. LaVallee,* 88 S. Ct. 1556, 1560 (1968)). Actual physical custody is sufficient but not necessary to satisfy the custody requirement. *Jones v. Cunningham,* 83 S. Ct. 373, 375 (1963)). The writ of habeas corpus exists to allow a petitioner to attack and secure release from illegal custody. *Id.* (*citing Preiser v. Rodriguez*, 93 S. Ct. 1827, 1833 (1973)). Although generally recognized as actual, physical custody, a petitioner may be considered "in custody" for purposes of habeas review if the petitioner is subject to restraints not shared by the public generally. *Thomas v. Morgan,* 109 F. Supp.2d 763, 767 (N. D. Ohio 2000) (*citing Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara County, California,* 93 S. Ct. 1571, 1574-1575 (1973)). A petitioner who is not in physical custody must be subject to some sort

of supervisory control along with the imminent possibility of incarceration without a formal trial and criminal conviction so as to impose such a restraint on liberty as to constitute custody. *Id.*

Although Petitioner is not under the physical restraints of jail, he is subject to thirty days of house arrest. Failure to complete this time will render him eligible for incarceration for up to six months. Until such time as Petitioner serves his sentence, he is constructively in custody for purposes of Section 2254 relief.

## VI.  HABEAS CORPUS STANDARD OF REVIEW.

Under the AEDPA, a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," *Thompson v. Bell,* 580 F.3d 423, 433(6th Cir. 2009) (*citing* 28 U.S.C. § 2254(d)(1), or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." *Id.* at 433-434 (*citing* 28 U. S. C. § 2254(d)(2)). A state court's decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)). An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court decision unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*,

6

120 S. Ct. at 1522). Rather, the state court decision must be an "objectively unreasonable" application of federal law to be reversed. *Id.* (*citing Williams*, 120 S. Ct. at 1521).

### VII. DISCUSSION

Petitioner has exhausted his administrative remedies by presenting the claims presented in the Petition either in the context or in the main. The Petition for Writ of Habeas Corpus was filed well within the statutory one year allowed to file a petition. Petitioner's Petition for Writ of Habeas Corpus is properly before the Court pursuant to 28 U. S. C. § 2241(c).

**1.  WAIVER OF THE ARRAIGNMENT.**

The record suggests that Plaintiff was represented by counsel when arraigned. Petitioner asserts that he was never formally arraigned and that counsel signed the arraignment waiver. The trial court erred in failing to conduct a formal arraignment to ascertain the sufficiency of the waiver.

OHIO CRIM. R. 10 provides, in relevant part:

> (A) **Arraignment procedure.** Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.
>
> (B) **Presence of defendant**. The defendant must be present except that the court, with the written consent of the defendant and the approval of the prosecuting attorney, may permit arraignment without the presence of the defendant, if a plea of not guilty is entered.

In Ohio, the general rule is that arraignment under the criminal rules is not necessary when the defendant knows what he or she is accused of and is able to adequately defend himself or herself. *City of Hamilton v. Brown,* 1 Ohio App.3d 165, 167, 440 N.E.2d 554, 556 (1981) (Ohio App. 1981)

7

(*citing United States v. Hart*, 457 F. 2d 1087, 1089 (10th Cir. 1972)).  The court noted that the defendant had failed to demonstrate that he was prejudiced in any way by the omission of a formal arraignment; therefore, the court concluded that there was no denial of due process.  *Id.*

Petitioner presented a declaration that he was present at an arraignment on October 4 and October 17, 2007.  He concedes that during the first arraignment, the trial court asked him to enter a plea of not guilty or guilty, he was informed of his rights pursuant to CRIM. R. 5 and 11 and he was given the opportunity to waive the rights.  Petitioner could not recall the details of the second arraignment.  Nevertheless, the Magistrate is not persuaded that the procedure at the second arraignment was not identical to the first.  Neither is she persuaded that Petitioner was prejudiced by failing to appear at the arraignment nor that counsel's waiver was impermissible.  Petitioner does not allege that his counsel failed to warn him of his rights or that he was deprived of an opportunity to plead not guilty.  Obviously, a plea of not guilty was entered on Petitioner's behalf.  No incriminating statements were elicited from the Petitioner and no statements were made against the accused at the arraignment.  Simply, Petitioner was not deprived of any constitutional right at the arraignment stage of the proceeding.  The trial court adequately protected Petitioner's right by permitting counsel to enter a plea of not guilty.

**2.    RIGHT UNDER OHIO CRIM. R. 5 & 11.**

Petitioner contends that the trial court failed to read him his rights under OHIO CRIM. R. 5 and 11 until one month after his trial.  The Magistrate construes Petitioner's declaration as an admission that he was informed of his rights under OHIO CRIM. R. 5 and 11 at the arraignment on October 4, 2007 (Docket No. 1, Attachment E).  By his own admission, he is mistaken that he was first admonished of his rights after the trial.

8

**3.**     **FOURTH AMENDMENT CLAIM.**

Petitioner claims that the trial judge's order mandating the seizure of his dog violated his right to due process guarantees under the Fourth Amendment.

Fourth Amendment claims of unlawful seizure generally lie outside the realm of Section 2254. *Hillman v. Beightler*, 2010 WL 2232640, *2 (N. D. Ohio 2010). The scope of review of alleged Fourth Amendment violations in federal habeas corpus proceedings is extremely narrow, and where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a defendant may not be granted federal habeas corpus relief on the ground that evidence obtained was unconstitutionally seized. *Id*. (*citing Stone v. Powell,*96 S. Ct. 3037, 3051 (1976) (footnotes omitted)). "Full and fair" litigation opportunity in the state courts is determined with two distinct inquiries: (1) whether the State has provided a procedural mechanism through which, in the abstract, petitioner could raise a Fourth Amendment claim; and (2) whether petitioner's presentation of the claim was in fact frustrated because of a failure of that mechanism. *Id.* (*see Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000), *cert. denied,* 121 S. Ct. 808 (2001) (*citing Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982), *cert. denied,* 103 S. Ct. 266 (1982)).

Petitioner had a full and fair opportunity to seek the return of his dog. Apparently during a preliminary hearing, a motion to release Babi was addressed (Docket No. 1, Exhibit G, pp. 17-18, 20-21, 24, 25). During another hearing on March 28, 2008, Petitioner had an opportunity to reiterate the argument for Babi's release. In addition, Petitioner was given the opportunity to defeat the prosecution's claim for euthanasia (Docket No. 1, Exhibit G, pp. 3-4, 37; Docket No. 11, Exhibit 1, pp. 10-12 of 45; 12-22 of 45).

The state provided a procedural mechanism through which Petitioner could raise and address

the merits of his dog's seizure. There is no evidence that Petitioner's presentation of the claim was frustrated because of a failure of that mechanism.

**4.    FOURTEENTH AMENDMENT CLAIM.**

Petitioner contends that the trial judge violated his right to due process under the Fourteenth Amendment by wrongfully applying the state law in determining that his dog was vicious.

A federal court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *Cunningham v. Hudson* 2010 WL 5092705, *31 (N. D. Ohio 2010) (*See Estelle v. McGuire*, 112 S. Ct. 475, 479 (1991)). The federal court "must defer to a state court's interpretation of its own rules of evidence and procedure" when assessing a habeas petition. *Id*. (*citing Miskel v. Karnes,* 397 F.3d 446, 453 (6th Cir. 2005)). Habeas relief is unavailable for mere errors of state law and a federal court will not review a state court's decision on a matter of purely state law. *Id.* (*citing Lewis v. Jeffers,* 110 S. Ct. 3092, 3102 (1990); *see also Long v. Smith,* 663 F.2d 18 (6th Cir. 1981) *cert. denied*, 102 S. Ct. 1724 (1982)).

In the instant case, the trial court identified the correct legal principle and made an independent interpretation of its own laws. This Court must defer to those findings as the application of state law does not implicate an unreasonable application of clearly established federal law.

**5.    JUDICIAL BIAS**

Petitioner alleges several instances of judicial bias, which he contends deprived him of a fair trial. Judge Belfance stated that he was guilty several times on the record, ruled adversely on his pre-trial motions and failed to rule on his *motions in limine*.

The due process clause of the Fourteenth Amendment guarantees a criminal defendant, as

any litigant, the right to a fair trial in a fair tribunal. *Alley v. Bell,* 307 F.3d 380, 386 (6th Cir. 2002) (*citing In re Murchison,* 75 S. Ct. 623, 625 (1955)). If a habeas court determines that bias by a state court judge resulted in a constitutional violation, then the court is required to overturn the state court decision. *Id.* (*see Maurino v. Johnson,* 210 F.3d 638, 645 (6th Cir. 2000) ("Because judicial bias infects the entire trial process it is not subject to harmless error review"). The Supreme Court's decision in *Liteky v. United States*, 114 S. Ct. 1147, 1155 (1994), provides the standard for deciding judicial bias claims. In that case, the Court explained that "the pejorative connotation of the terms 'bias' and 'prejudice' demands that they be applied only to judicial predispositions that go beyond what is normal and acceptable." *Id.* (*citing Liteky*, 114 S. Ct. at 1155-1156; *see also Maurino,* 210 F.3d at 645).

  Here, Petitioner failed to reconstruct the dialogue that transforms his claim into a constitutional violation. Upon review of the record, the Magistrate finds that at the onset of the trial on March 28, 2008, Judge Belfance worked diligently to obtain a plea from Petitioner. During the course of advising Petitioner of the consequences of proceeding to trial, Judge Belfance addressed Petitioner's motions in limine, denying both (Docket No. 1, Exhibit G, pp. 2-7, 11-19). Then, Judge Belfance explained at length, the ramifications of proceeding to a jury trial considering the fact that Babi had attacked and killed another dog. The judge did not discuss the likelihood of a guilty verdict or acquittal but merely summarized the evidence that would be heard by the jurors (Docket No. 1, Exhibit G, pp. 23-28). To the extent that Petitioner's claims of bias fail to show a violation of the due process requirements of fair play, Petitioner's claims reflect nothing more than his dissatisfaction with the trial judge's adverse rulings.

11

**6.** **DOUBLE JEOPARDY**

Petitioner contends that he was charged twice with the same offenses under city and county laws. Principles of double jeopardy should bar the successive prosecutions under county law.

The Fifth Amendment to the United States Constitution provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. Similarly, Section 10, Article I, Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."

Both of the sentences imposed against Petitioner for violations of the Summit County Ordinance were vacated by the appellate court (Docket No. 4, Exhibit 13, p. 19 of 20). Consequently, Plaintiff's double jeopardy claims, were rendered moot by operation of law. The magistrate finds, therefore, that Petitioner's double jeopardy claims lack merit.

## VIII. CONCLUSION

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: May 4, 2011

## IX. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being

served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.